## EDMONDSON *et al.,* commissioners, v. GLENN.

GILBERT, J. 1. Under the Civil Code (1910), §§ 527, 528, the board of commissioners of roads and revenues for Chattooga County has authority to require the tax-collector to appear before them at stated times to render an account of his official actings and doings respecting the county taxes and funds, and to make a full and complete exhibit of his books, vouchers, and accounts, and all things pertaining to his office. On failure to make such showing the board is authorized to suspend the tax-collector.

2. Under the pleadings and the evidence in this case the court was not authorized to find that the commissioners of roads and revenues were undertaking to exceed their authority under the law in requiring a full and complete accounting and exhibit of books, vouchers, and accounts. The notice served upon the tax-collector did not purport to exceed the authority conferred by statute. The only evidence offered tending to show a prejudged intention to suspend the tax-collector without regard to his compliance with the notice was the saying of the attorney for the commissioners, which was insufficient to authorize the grant of the injunction.

3. None of the action proposed to be taken would deprive the defendant of his property without due process of law. There is nothing to show that the commissioners did not intend to follow the statute and to give him due notice and opportunity to be heard.

*Judgment reversed. All the Justices concur.*

No. 2788. MAY 13, 1922.

26

Injunction. Before Judge Wright. Chattooga superior court. August 1, 1921.

The petition alleges that Glenn was the duly elected and qualified tax-collector of Chattooga County; that the board of commissioners of roads and revenues for said county had served upon him a notice to appear before them on July 18th, 1921, and "to render an account of your official actings and doings respecting the county tax and funds, and to make a full and complete exhibit of your books, vouchers, accounts and all things pertaining to your office as such tax-collector, and, upon your failure or refusal to render the account and make such showing, to show cause why execution should not issue against you and your official bondsmen for such sums as may be found in your hands unaccounted for, and why you should not be suspended from office;" that he had previously (on June 20, 1921) produced all books, vouchers, and accounts, and that it was his purpose to comply with the notice in that respect, and that upon doing so he would have complied with the statute in all respects; that said board is threatening to suspend and oust petitioner from the office of tax-collector, to appoint a successor, and to deliver to such successor the books, records, accounts, vouchers, etc., pertaining to said office; that said board is without authority to remove him from said office; that such action upon their part would be illegal and would deprive petitioner of his property and right without due process of law; and that he is without an adequate remedy at law to prevent the action threatened by said board. The prayers are, for process requiring the individual members of the board to answer the complaint; and that they be enjoined from suspending petitioner from the office of tax-collector, from appointing a successor to that office, and from delivering to such successor the books and records pertaining to the office.

The defendants filed a demurrer, upon which no ruling was made; and in their answer they denied all the material allegations of the petition. The court granted the injunction as prayed, and error is assigned upon that judgment. The evidence adduced by the plaintiff upon the hearing consisted of: (1) an affidavit of the petitioner, to the effect that he had on two separate occasions, including the time fixed by the notice served upon him by the board, produced all his books, records, receipt-books and stubs, duplicate

copies of all receipts issued by him, a book containing each and every monthly statement of tax collections made to the board, receipts from the county treasurer for all funds paid to him, and receipts from the State depository for all funds paid to it; that these books, records, etc., clearly and accurately set forth all his transactions, actings and doings as tax-collector; and that upon the occasion of the first presentation of the records the board had informed him that they did not desire any further record, and had approved the report as made by him. (2) An affidavit of petitioner's attorney, to the effect that a day or two before the filing of the petition for injunction he had been informed by the attorney representing the board at the meeting of the board under which petitioner was required by the notice to appear and submit his records, that he (the attorney for the board) was prepared to and would advise the board that the law not only authorized but required that they should suspend petitioner if he had failed to pay any money in his hands to the county which was due it, even though he might produce his records. (3) An order passed by the board, reciting that petitioner had, in response to an order requiring him to do so, appeared and produced certain books and records, including what he designated as a cash-book, and providing that the same be turned over to him (petitioner) subject to inspection by the board, its attorney, or other persons, under direction of the board. In evidence for the defendants was an affidavit made by them jointly, to the effect that at the June, 1921, meeting of the board the petitioner produced certain books and vouchers and made statements to the board in reference thereto, and filed with the chairman " a purported settlement of his account as tax-collector," representing same to be a true statement of his account with the county; that said statement carried an item of some thirteen thousand dollars as having been paid to the county treasurer, which petitioner admitted had not been so paid, but which represented his indebtedness to the county for the unpaid balance of taxes for 1920, collected by him and for which he had not accounted; that this showing was made by petitioner voluntarily; that no examination of the books was made by the board at the time, other than to compare the statement submitted by petitioner with the statement on what he presented as his cash-book; that petitioner did not at the time make a report showing

the amount of State taxes and county taxes remaining unpaid on his tax digest for the year 1920 of date December 20, 1920, and he did not make any statement showing the amount of State tax collected and the amount of county tax collected from December 20 to each monthly period thereafter, nor did he make any statement or produce any record showing the amount of interest collected from delinquent taxpayers and the date upon which said taxes and interest were collected and from whom collected, nor did he make any statement or produce any record showing the said interest so collected and the same paid to the State and county at the time and in the same manner taxes are required to be paid; that he had not at any time produced a record in the terms of the act of 1917 (Ga. L. 1917, pp. 197, 198), but on the contrary he had admitted that he had not made the reports or kept the records required by the act; that at no time had he made any statement or produced any record showing that he had, during the fiscal year 1920, complied with the requirements of sections 1213, 1214, and 1215 of the Civil Code, but on the contrary he admitted that he had not made the monthly statements or paid over the moneys as required; that he had failed to keep a cash-book or to file the same with the ordinary as required by the act of 1910 (Ga. L. 1910, pp. 121, 124), and had admitted his failure in this respect; that he admitted that only a negligible portion of the balance due by him on account of 1920 taxes had been collected since January 1, 1921; and that he had failed and refused to make any accounting as to said balance. Also, an affidavit by the attorney representing the board, to the effect that, prior to the meeting of the board at which petitioner had been cited to account, the attorney representing petitioner had asked him whether the board would suspend petitioner if petitioner " produced before the board his books, and failed to show that he had paid into the county treasury the amount which he was due the county for county tax which he admitted to be due," and that deponent had stated to the attorney of petitioner that deponent would advise the board that in the event petitioner did not pay the amount he admitted to be due they would have the right to suspend him, but that deponent expressly stated that he did not know what the board would do.

*Wesley Shropshire* and *Maddox & Doyal,* for plaintiffs in error.

*C. D. Rivers, B. E. Neal, Denny & Wright, Rosser & Shaw,* and *G. G. Glenn,* contra.